FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/29/2021 3:32 PM
JAMIE SMITH
DISTRICT CLERK
B-208457

CAUSE NO. B208457

| | | |
|---|---|---|
| STEWART ARTIS | § | IN THE DISTRICT COURT OF |
| V. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| CAPITOL CREW, L.L.C. | § | 60th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STEWART ARTIS, Plaintiff herein, and files this Original Petition complaining of CAPITAL CREW, L.L.C., Defendant herein, and for cause of action would show unto the Court and jury as follows:

### I.
### DISCOVERY LEVEL

Plaintiff intends to conduct discovery in this case under Level 3, pursuant to Rule 190, Texas Rules of Civil Procedure. Once all parties have appeared and answered herein, Plaintiff will request entry of a docket control order.

### II.
### NATURE OF CASE

Plaintiff's claim arises out of an on-the-job injury caused by Defendant's negligence. Defendant is a non-subscriber to the Texas worker's compensation system.

### III.
### PARTIES

Plaintiff is a resident and citizen of Arizona.

Defendant CAPITOL CREW, L.L.C. (herein "CAPITOL CREW"), is a Texas limited liability company and may be served through its registered agent Angela N. Crew, 4799 Pure Atlantic Rd., #4, Groves, Texas 77619. Plaintiff hereby requests that citation be issued for service of process on this Defendant.

1


EXHIBIT A

## IV.
## VENUE AND JURISDICTION

Venue of this action is proper in Jefferson County, Texas pursuant to the various provisions of the Texas Civil Practices & Remedies Code because all or part of the cause of action accrued in Jefferson County. This Court has jurisdiction because the amount in controversy is within the minimum jurisdictional limits of this Court.

## V.
## FACTS

It has become necessary to bring this suit to collect a legal debt and damages due and owing Plaintiff by reason of an on-the-job injury which occurred on October 24, 2019 while Plaintiff was working as a contract laborer/roofer for Defendant in Groves, Jefferson County, Texas. Plaintiff was working on a site controlled by Defendant. Plaintiff was provided tools and equipment, including an electric-powered roof saw that had been altered by Plaintiff's supervisor to perform his job duties. Plaintiff's supervisor had removed the blade safety guard that comes pre-installed on the electric roof-saw and then provided the electric saw to Plaintiff to use for his work assignment. Pursuant to the Occupational Safety & Health Administration (OSHA), the potential safety hazard associated with electric handheld saws is the potential for the user to come into contact with the blade. For this reason, OSHA requires handheld electric saws to be equipped with safety features such as an upper guard that covers the entire blade of the saw and a retractable lower guard. The removal of the safety guard placed Plaintiff in unnecessary danger and caused serious and permanent injury to Plaintiff.

## VI.
## CAUSES OF ACTION

Plaintiff alleges that the incident in question was proximately caused by the negligence of one or more of the agents, servants, and/or employees of the Defendant in one or more of the following respects:

    a.    Failing to give sufficient warnings and/ or instructions;

    b.    Failing to properly assemble equipment;

    c.    Providing equipment without the proper safety guards;

    d.    Failure to operate its tools in a safe manner; and

    e.    Other acts or omissions to be proven at trial.

Plaintiff alleges that Defendant CAPITOL CREW, L.L.C. is liable to Plaintiff for each and every negligent act and/or omission of the employee who removed the safety guard from the electric saw and provided it to Plaintiff and all those responsible for supervising the employee under the doctrine of respondent superior. Specifically, Plaintiff would show that:

    a.    Plaintiff was injured as a result of the incident in question;

    b.    The employee who disassembled the safety guard and all those responsible for supervising the operator were employees of Defendant; and

    c.    The incident in question occurred while the above-mentioned agents, servants or employees were acting in the course and scope of their employment with Defendant Capitol - that is, the act or inaction of the above was:

        i.    Within said agents, servants or employees' general authority;

        ii.    In furtherance of the business of Defendant Capitol; and

        iii.    For the accomplishment of the object for which these agents, servants or employees were hired.

By reason of the foregoing, Defendant Capitol is vicariously liable to Plaintiff inasmuch as these agents, servants or employees are directly liable to Plaintiff.

Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the incident in question as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

Nothing Plaintiff did or failed to do caused or contributed to the occurrence in question. Rather, it was the negligence of Defendant which proximately caused the occurrence and Plaintiff's resulting injuries and damages.

Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with no election of waiver of rights or remedies.

## VII.
## DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious and permanent bodily injuries for which she now sues.

Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendant's negligence. Plaintiff respectfully requests that the Court and jury determine the amount of loss that he has incurred in the past and that he will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate him for his injuries, damages and losses incurred, and damages and losses to be incurred. From the date of the occurrence in question until the time of the trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

1) The physical pain that Plaintiff has suffered;

4

2) The mental and emotional anguish that Plaintiff has suffered;

3) The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries; and

4) The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to perform the tasks and services that he ordinarily would have been able to perform.

From the time of the trial of this case, the elements of damage to be considered separately for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiff for his injuries, damages and losses that he will sustain in the future beyond trial, are those of the following elements that are shown by a preponderance of the evidence upon the trial of this case:

1) The physical pain that Plaintiff will suffer;

2) The mental and emotional anguish that Plaintiff will suffer;

3) The amount of reasonable medical and nursing expenses that in reasonable probability Plaintiff will necessarily incur in the future treatment of Plaintiff's injuries; and

4) The damages resulting from the physical and mental impairment that Plaintiff will continue to suffer and the resulting inability to perform the tasks and services that he ordinarily would have been able to perform.

In compliance with Rule 47, Texas Rules of Civil Procedure, Plaintiff states that she seeks only monetary relief of more than $250,000 but less than $1,000,000. Plaintiff reserves the right to amend the amount of monetary relief sought.

## VIII.
## PRE-JUDGMENT INTEREST

Plaintiff would further say and show that he is entitled to the recovery of pre-judgment interest as part of the damages sustained as a result of the occurrence made the basis of this suit,

in accordance with law and equity, and Plaintiff herein now specifically prays for and seeks the recovery of pre-judgment interest as part of his damages herein.

## IX.
## RESERVATION OF RIGHT TO AMEND AND SUPPLEMENT

These allegations against Defendant are made acknowledging that investigation and discovery are continuing in this matter. As further investigation and discovery is conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case. The right to do so, under Texas law, is expressly reserved.

## X.
## JURY DEMAND

Plaintiff hereby demands trial by jury.

## XI.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice that any and/or all documents produced may be used against any and/or all parties producing the document at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial hereof, Plaintiff have and recover:

    a.    Judgment against Defendant for actual damages in an amount that is within the jurisdictional limits of the Court, and pre-judgment interest at the lawful rate;

    b.    Interest after judgment at the lawful rate until paid;

    c.    Costs of this suit; and

    d.    Such other and further relief based upon future and present needs to which Plaintiff may be justly entitled, at law or in equity.

Respectfully submitted,

THE IRWIN LAW FIRM, P.C.

By: /s/ *Leland M. Irwin*
    Leland M. Irwin
    Texas Bar No. 00790945
    311 Morton Street
    Richmond, Texas 77469
    (832) 847-4111
    Facsimile (832) 847-4177
    Email: leland@irwin-lawfirm.com

**ATTORNEY FOR PLAINTIFF**